# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 18, 2005

128639

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

JOSEPH M. HESS and WILLIAM WHEELER,
      Plaintiffs-Appellants,

v

CANNON TOWNSHIP and GRATTAN
TOWNSHIP,
      Defendants-Appellees.

SC: 128639
COA: 248974
Kent CC: 03-002455-CZ

_____/

On order of the Court, the application for leave to appeal the March 31, 2005 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

YOUNG, J., dissents and states as follows:

I respectfully dissent from the order denying leave to appeal and would grant leave. This case raises the jurisprudentially significant question whether a general law township has the constitutional and statutory authority to pass an ordinance that reimburses another township's legal expenses in a dispute in which it is not a party and concerns matters arising outside the township's boundaries.

Grattan Township and Cannon Township are adjacent municipalities in Kent County. Grattan incurred considerable legal expenses while opposing the development of a manufactured home park within its boundaries. Since the proposed site was located on the border between Grattan and Cannon, Cannon believed it had an interest in the outcome of that case. After Cannon unsuccessfully attempted to intervene in Grattan's litigation, it passed a resolution authorizing the disbursement of $90,660 to assist Grattan with its legal expenses. Cannon also signed a written contract with Grattan, agreeing to provide similar disbursements in the future.

Two Cannon Township taxpayers filed suit against the townships, alleging that Cannon's expenditure was unlawful. The trial court granted summary disposition for the

townships, finding statutory authority for Cannon's actions pursuant to MCL 41.2. The Court of Appeals affirmed in a split decision.

The Court of Appeals failed to identify an independent statutory or constitutional authority authorizing this particular expenditure. As Judge Smokenski noted in his dissent, Const 1963, art 7, § 17 defines a township as "a body corporate with powers and immunities provided by law." Unlike cities and villages, general law townships lack plenary police power. Their authority is "provided by law."

The majority found statutory authority in MCL 41.2(1)(b), which permits a township "[t]o make contracts necessary and convenient for the exercise of their corporate powers." The power to contract, however, must further the exercise of an existing corporate power. In addition, the township ordinance act, MCL 41.181 *et seq.*, does not supply legal authority since Cannon did not promulgate an ordinance, but entered into a contract to pay the legal fees of an adjoining township. Also, the holding in *Hays v City of Kalamazoo*, 316 Mich 443 (1947), which the majority cited heavily, pertained to a home-rule entity. Because Cannon is not a home-rule entity, the majority's reliance on *Hays* appears inapposite to the instant case.

Finally, and not insignificantly, I also note the important threshold question whether plaintiffs, as taxpayers, had standing to pursue their cause of action. This question was not addressed by the Court of Appeals.

For these reasons, I would grant leave to appeal.

TAYLOR, C.J., concurs in the statement of YOUNG, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 18, 2005

_____
Clerk

p1114